[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO VACATE ARBITRATION AWARD
The applicant, Ford Motor Company, seeks to vacate an award issued by an arbitration panel of the Automobile Dispute Settlement Program, administered by the Department of Consumer Protection pursuant to Conn. Gen. Stat. § 42-181. The Department of Consumer Protection has intervened in this proceeding and has filed a memorandum opposing Ford's application.
A review of the record reflect testimony and evidence from which the panel could reasonably find the following sequence of events. David and Maria McMillian (consumers) purchased a new Ford Thunderbird from Bob Thomas Ford, Inc. (dealer) and accepted delivery on August 12, 1994 which was a Friday. August 12, 1994 and the following day, Saturday, were rainy and, on August 14, 1994, while Mr. McMillian was about to polish his car, he noticed blotches in the paint, along with scratches.
Mr. McMillian phone the dealer the next day and brought the car back to the dealer on a scheduled appointment on August 23, 1994. The automobile was left with the dealer in the morning and picked up at 4:00 p. m. According to Mr. McMillian, he was told by employees of the dealer that they had buffed a part of the car ad that some of the paint damage could be fixed by buffing but that some repainting would be necessary. The consumers rejected Ford's offer to repaint the vehicle as necessary and insisted that the vehicle be replaced. Ford has refused this request.
On September 9, 1994, the consumers initiated an arbitration proceeding pursuant to Conn. Gen. Stat. § 42-179 et seq. After a hearing held on October 27, 1994, the panel issued a decision in favor of the consumers ordering that Ford replace the vehicle. It is that award which Ford seeks to vacate, citing a number of CT Page 390 reasons in support of its application.
Ford's initial claim is that there is no applicable express warranty which covers the paint concerns claimed by the consumers. Whether such an express warranty exists is a question of law to be determined from a review of the language contained in the warranty at issue. Section 42-181(c)(4) provides: "The court shall conduct a de novo review of the questions of law raised in the application."
Ford's Warranty Information Booklet provides on page 4 as follows: "The complete vehicle (except tires) is covered against defects in factory-supplied materials or workmanship for three years or 36,000 miles, whichever occurs first." On page 6, thereof, it states:
 "With respect to damage caused by airborne material (environmental fallout), where there is no defect involved and therefore no warrantee, our policy is to cover paint damage due to airborne material (environmental fallout) for 12 months or 12,000 miles, whichever occurs first."
The panel determined that the blotches were the result of environmental damage and that such damage occurred prior to delivery of the vehicle to the consumers. This court believes that the panel was correct in determining that there was an express warranty which covered the claimed defect even though Ford chose to label it a "policy" rather than a "warrantee". The only way to read the booklet in question so as to achieve consistency is to interpret its language as extending a 12,000 mile, 12 month warranty with respect to environmental damage rather than including the same in the 36,000 mile, 36 month warranty covering other types of defects.
This court also believes that it is significant that there is ample evidence in the record to support the finding that the problems with the paint existed at the time of delivery of the vehicle as opposed to developing at a later date as a result of environmental fallout. The Warranty Information Booklet, on page 2, clearly suggests the obvious, that a defect in the paint on an automobile, from whatever cause, existing prior to delivery, is the responsibility of the manufacturer or dealer, and not the consumer.
The applicant next argues that the record does not support a CT Page 391 finding that Ford was unable to repair or correct the alleged nonconformity after a reasonable number of repair attempts.
Section 42-181(c)(4) provides that the court "shall consider questions of fact raised in the application: and "shall uphold the award unless it determines that the factual findings of the arbitrators are not supported by substantial evidence in the record and that the substantial right of the moving party have been prejudiced." Sec. 42-181(c)(4) further provides: "If the arbitrators failed to state findings or reasons for the award or the stated findings or reasons are inadequate, the court shall search the record to determine whether a basis exists to uphold the award."
The court has reviewed the record of the arbitration proceedings and finds evidence from which the panel could find that the consumer, Mr. McMillian, returned the automobile for warranty work, to the dealer on August 23, 1994. Some buffing procedures were performed on that time and Mr. McMillian was advised by the dealer that while buffing would correct some of the paint problems, there were some areas that would have to be painted. Mr. McMillian refused to accept the repairs as suggested, insisting that he get what he paid for, a new vehicle, with factory paint, not a vehicle which required at least partial repainting.
It was also the stated opinion of Michael Green, the technical assistant, that while buffing might take care of some of the blotches, there were others larger in size, the only repair for which would be to sand, prime and repaint.
Therefore, there is in the record substantial evidence form which the panel could find that the vehicle was returned for repair on one occasion, and that as a result of an attempt by the dealer to repair the defective paint condition, it was determined by the dealer that complete repair could be accomplished only with some repainting, a conclusion which was corroborated by Mr. Green.
Mr. Green also testified at the hearing that the repainting of the vehicle, in order to accomplish the necessary repairs would affect the value of the vehicle since the factory paint job could not be duplicated by a body shop.
Conn. Gen. Stat. § 42-179(d) provides relief for the consumer when "the manufacturer, or its agents or authorized dealers are unable to conform the motor vehicle to any express warranty by CT Page 392 repairing or correcting any defect or condition which substantially impairs the use, safety or value of the motor vehicle to the consumer after a reasonable number of attempts."
The panel had evidence before it that, regardless of the attempted repairs, the consumers could not be provided with an automobile that was free from repainted areas, and that such condition would impair the value of the automobile.
Therefore, the court finds that there is substantial evidence in the record to support a finding that "at least one attempt to repair a nonconformity" was made by the dealer as required by Conn. Gen. Stat. § 42-179(e), and that Ford or its agents had a reasonable number of attempts to repair a defect which substantially impaired the value of this vehicle to the consumer.
Therefore, the application to vacate the arbitration award is denied.
Thompson, J.